UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK KOCH, individually,<br><br>                      Plaintiff,<br><br>v.<br><br>CHS INC., a Minnesota corporation, individually and in official capacity; GARY MOBBS, CHS Plant Manager, individually and in official capacity; and MATT WELCH, CHS Foreman, individually and in official capacity,<br><br>                      Defendants. | Case No. 2:12-cv-00463-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Currently pending before the Court is Plaintiff Mark Koch's motion seeking conditional class certification under the Fair Labor Standards Act, 29 U.S.C. § 216(b). (Dkt. 14.) Upon review, the Court finds that the facts and legal arguments are adequately presented in the briefs and record without the need for oral argument. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions will be decided on the record before this Court. Dist. Idaho L. Rule 7.1(d).

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Plaintiff Mark Koch filed this claim as a pro se litigant alleging ten causes of action resulting from the termination of his employment on September 11, 2012. Koch then amended his Complaint on October 26, 2012, and added a new cause of action for violation of the Fair Labor Standards Act, alleging violation of the overtime provisions for failing to be paid during his employment for breaks, lunches and safety meetings. Also on October 24, 2012, Koch filed a Motion for Conditional Collective Action Certification, seeking to bring a FLSA class action case with another former employee, Taylor Kragovich, against all three Defendants.

Koch was a former employee of CHS, Inc., and worked at CHS's plant in Post Falls, Idaho. He alleges that he was required to attend safety meetings fifteen minutes prior to beginning his shift, and was not paid for working through required breaks and meal times. Koch asserts CHS required other employees to do the same. Koch, purportedly on behalf of himself and a class of others similarly situated, alleges that CHS violated the FLSA by failing to compensate Koch and other employees for all hours worked, including overtime and off the clock hours. Koch therefore requests certification of a collective action for all persons who are or were employed by CHS for an indeterminate time period. Koch contends that the members of this class are similarly situated to him.

CHS opposes the motion, on the grounds that Koch, who is representing himself pro se, is not an adequate class representative because pro se plaintiffs may not pursue claims on behalf of others in a representative capacity. Koch's brief in response does not

**MEMORANDUM DECISION AND ORDER - 2**

address Koch's pro se status directly, but instead argues that a collective action is not a representative proceeding. He contends that because class members must "opt in," there is no harm to those class members who fail to do so, and they are therefore not "represented" in the class action. Koch therefore argues that he simply wishes to notify other employees who wish to join the action.

## ANALYSIS

### Conditional Certification Under the FLSA

Section 16(b) of the FLSA provides that an action may be maintained "by any ... employee[ ] for and on behalf of himself ... and other employees similarly situated" for damages from an employer who has failed to pay overtime as required under the Act. 29 U.S.C. § 216(b). Such an action is known as a collective action, allowing potential class members who are similarly situated to the named plaintiff to file a written consent with the court to "opt-in" to the case. *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir.2004).[1] A collective action serves the ends of avoiding a multiplicity of duplicate actions and promoting the FLSA's broad remedial goals. *See generally Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 172-74 (1989). To implement the opt-in provision, a district court may authorize the named plaintiff in a FLSA collective action to send notice to all potential plaintiffs, and may set a deadline for these plaintiffs to join the suit by filing consents to sue. *Id*. at 169, 172.

---

[1] A collective action differs from a Fed. R. Civ. P. 23 class action in that potential plaintiffs in a collective action must join the action by "opting in," whereas, a class action includes any potential plaintiff who does not "opt out." *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); Fed. R. Civ. P. 23(a).

**MEMORANDUM DECISION AND ORDER - 3**

A court's determination of whether a collective action is appropriate is discretionary. *Adams v. Inter-Con Sec. Sys. Inc.*, 242 F.R.D. 530, 535 (N.D. Cal. 2007). The plaintiff bears the burden of showing that he and the proposed class are similarly situated for the purpose of proceeding as a collective action. *Adams*, 242 F.R.D. at 535-36 (citing 29 U.S.C. § 216(b)).

The issue of whether a pro se plaintiff can sue on behalf of other members in a collective action is one of adequacy of representation. Determining adequate representation is typically based on a two-part inquiry: "First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir.1978). Courts have generally concluded that a pro se plaintiff cannot pursue claims on behalf of others in a representative capacity. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir.2008); *see also Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself."); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a pro se litigant may not appear as an attorney for others). Here, because Koch is a pro se litigant, he cannot pursue claims on behalf of other CHS employees in a representative capacity.

The rule holds true for pro se plaintiffs seeking to bring collective action suits under the FLSA. *Morgovsky v. AdBrite, Inc.,* No. C10-05143-SBA, 2012 WL 1595105

**MEMORANDUM DECISION AND ORDER - 4**

\*4 (N.D. Cal. May 4, 2012) (denying pro se plaintiff's motion to bring a collective action under the FLSA and dismissing collective action claims); *Spivey v. Sprint/United Mgt. Co.*, No. 04–2285–JWL, 2004 WL 3048840 (D. Kan. Dec. 30, 2004) (holding that a claim under 29 U.S.C. § 216(b) cannot be brought by a pro se plaintiff).

Accordingly, the Court agrees with CHS that Koch, because he proceeds in the litigation pro se, cannot represent the class members on whose behalf he purports to bring suit. Therefore, proceeding with the litigation as a collective action is not permitted pursuant to 29 U.S.C. § 216(b). The motion will be denied.[2]

## ORDER

## NOW THEREFORE IT IS HEREBY ORDERED:

1) Plaintiff's Notice of Motion and Motion for Conditional Collective Action Certification (Dkt. 14) is **DENIED**.

Dated: **December 07, 2012**

Honorable Candy W. Dale
United States Magistrate Judge

---

[2] Koch may, however, secure counsel for himself and seek collective action status at a later time should counsel appear on his behalf.

**MEMORANDUM DECISION AND ORDER - 5**